UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRAVON A. BODDIE, | |
| Petitioner, | |
| v. | CAUSE NO. 3:21-CV-151 DRL-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Travon A. Boddie, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-10-127) at the Miami Correctional Facility in which a disciplinary hearing officer found him guilty of assaulting staff in violation of Indiana Department of Correction Offenses 117. Following a disciplinary hearing, he was sanctioned with a loss of 180 days earned credit time and a demotion in credit class.

Mr. Boddie argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence for a finding of guilt. He says the evidence is lacking because a sergeant prepared the conduct report for the signature of the correctional officer who was the victim of the assault. He also says he never made physical contact with her.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represents that Mr. Boddie pushed through her arms as she attempted to secure the doorway to his cell. ECF 6-1. The administrative record also includes a video recording that demonstrates that Mr. Boddie made physical contact with a correctional officer as alleged in the conduct report. ECF 11. The conduct report and the video surveillance recording constitute some evidence that Mr. Boddie assaulted a correctional officer. Even assuming, as Mr. Boddie alleges, that a sergeant prepared the conduct report on her behalf, the correctional officer adopted the conduct report as her own statement when she signed it, and it is unclear why Mr. Boddie believes that this practice constitutes a constitutional violation warranting habeas relief. The claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Because Mr. Boddie has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Boddie wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Travon A. Boddie leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

October 19, 2021                             *s/ Damon R. Leichty*
                                             Judge, United States District Court